UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

SECURITIES AND EXCHANGE )
COMMISSION, )
 )
        Plaintiff, )
 ) No. 1:16-cv-307-TRM-SKL
v. )
 )
JAMES HUGH BRENNAN, III, *et al.*, )
 )
        Defendants. )

# ORDER

Before the Court are the following motions: (1) a motion filed by Attorneys Jerry H. Summers and Marya L. Schalk and the law firm of Summers, Rufolo & Rodgers, P.C., (collectively "Summers") to withdraw as co-counsel for Defendants James Hugh Brennan, III, Douglas Albert Dyer ("Dyer") and Broad Street Ventures, LLC ("Broad Street") and Relief Defendants Carole Johnston Brennan and Alison F. Dyer (collectively "Defendants") with attached consents to the withdrawal signed by each of the individual Defendants and a consent by Broad Street signed by Dyer [Docs. 123 and 123-1]; and (2) a motion filed by Attorney Frank A. Lightmas, Jr. and the Law Offices of Frank A. Lightmas Jr., LLC (collectively "Lightmas") to withdraw as co-counsel for Defendants with similar attached consents to withdraw [Docs. 129 and 129-1]. Plaintiff U.S. Securities and Exchange Commission ("Plaintiff") opposes only the motion to withdraw filed by Lightmas, but only as it relates to withdrawing from representation of Broad Street [Doc. 134][1]. Plaintiff opposes the motion to withdraw by Lightmas as to Broad Street because a corporation must be represented by licensed counsel to present a defense in this

---

[1] The Court finds it is unnecessary to address the assertions of both Plaintiff and Lightmas that the other has made untimely filings. As Plaintiff did not file any objection to the Summers' motion, the Court deems the failure to respond as a waiver of any objection to the relief requested by Summers. E.D. Tenn. L.R. 7.2.

action. Lightmas filed a reply [Doc. 135],[2] and the motions are now ripe.

Summers and Lightmas request withdrawal because, among other things, they have been paid only limited amounts for representing Defendants and have been advised that Defendants have no available financial resources to pay for legal representation. As a result, Summers and Lightmas and are no longer being compensated for their representation of Defendants. In their respective motions, Summers and Lightmas represent that they have complied with the requirements of E.D. Tenn. L.R. 83.4(g) for withdrawal and have satisfied all requirements to withdraw under E.D. Tenn. L.R. 83.4(g) and and Rule 1.16 of the Tennessee Rules of Professional Conduct. Summers and Lightmas also state that under these circumstances, withdrawal is required pursuant to Rule 1.16(b) of the Tennessee Rules of Professional Conduct due to extraordinary circumstances.

Pursuant to Local Rule 83.4(g) an attorney must send notice of his or her withdrawal to a client within certain time parameters, or the client may certify in writing that he or she agrees to the withdrawal of counsel. However, "[i]f the client is a corporation or other artificial person or legal entity created by statute that may only appear in court through counsel, the Court, absent extraordinary circumstances, shall not allow the attorney to withdraw until the client has obtained substitute counsel." E.D. Tenn. L.R. 83.4(g). I **FIND** extraordinary circumstances are set forth

---

[2] Attorney Lightmas contends in his reply that because he is only admitted *pro hac vice*, if local counsel is allowed to withdraw, then he could not continue to represent Broad Street as he is not admitted to practice in the Eastern District of Tennessee. Attorney Lightmas' argument is mistaken because admission *pro hac vice* in this Court is not predicated upon representation and involvement of local counsel.

in the motions of Summers and Lightmas, in part, due to the composition of Broad Street.[3]

Accordingly, the motions to withdraw by Summers and Lightmas on behalf of all Defendants [Docs. 123 and 129] are **GRANTED**. The Clerk is **DIRECTED** to terminate them as as counsel of record for all Defendants and to mail a copy of this Order to Defendants at the addresses listed in the motions of Summers and Lightmas [Doc. 123, Page ID # 1141-42 and Doc. 129, Page ID #1171-72].

Within **fifteen (15) days** from the date of this Order, each individual Defendant shall either (1) have new counsel file a notice of appearance on his or her behalf; or (2) file a written notice informing the Court that he or she will proceed pro se in this matter. Also within **fifteen (15) days** from the date of this Order, Broad Street shall have new counsel file a notice of appearance on its behalf if it intends to present a defense to this action. All deadlines in the Court's Scheduling Order [Doc. 120] remain in effect.

**Defendants are forewarned that they each must comply with all requirements of the Court's orders and local rules or risk default judgment being entered against them in this action upon appropriate motion.**

SO ORDERED.

ENTER:

                                            s/ *Susan K. Lee*
                                            SUSAN K. LEE
                                            UNITED STATES MAGISTRATE JUDGE

---

[3] Both Summers and Lightmas filed a consent to withdraw on behalf of Broad Street signed only by Dyer as its representative member [Doc. 123, Page ID # 1146 and Doc. 129, Page ID # 1176]. The motions of Summers and Lightmas state that Dyer and Brennan are the only two members of Broad Street and each has a fifty percent interest in the company and that "Broad Street has no employees, no shareholders, and no one else that is associated with it or has an interest in the company" and "100% of the ownership interest in Broad Street is held by Dyer and Brennan." [Doc. 123, Page ID # 1140]. Dyer and Brennan have each consented to the withdrawal individually. While Plaintiff appears to question whether the consent by Broad Street is effective as to Lightmas, it provides no authority that the consent is insufficient nor does it object to the withdrawal by Summers.